# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1011

_____

United States of America,    *
                             *
              Appellee,      *
                             *   Appeal from the United States
     v.                      *   District Court for the Southern
                             *   District of Iowa.
Steven Curtis McIntosh,      *
                             *        [PUBLISHED]
              Appellant.     *

_____

Submitted:  May 23, 2003

Filed:  May 29, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Steven Curtis McIntosh appeals the district court's[1] judgment denying his 28 U.S.C. § 2255 motion as untimely.  The district court granted a certificate of appealability on the issue whether equitable tolling should extend the limitations period in this case.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Mr. McIntosh's conviction became final upon completion of direct review when the Supreme Court denied certiorari on May 14, 2001, and he had one year from that date to file his section 2255 motion. See 28 U.S.C. § 2255(1)-(4) (absent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final); Sweet v. Delo, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction), cert. denied, 523 U.S. 1010 (1998); see also United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir.) (conviction became final, thus triggering one-year limitations period for § 2255 motion, on date Supreme Court denied certiorari petition following direct appeal, and not on date denial of certiorari was filed and docketed with court of appeals), cert. denied, 531 U.S. 878 (2000); Adams v. United States, 173 F.3d 1339, 1342-43 (11th Cir. 1999) (per curiam) (without deciding point at which conviction becomes final, holding that appellate court's receipt of denial of certiorari does not fix finality).

At the earliest, Mr. McIntosh filed his motion on May 29, 2002, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (extending application of prison-mailbox rule to pro se § 2255 motions), believing it was not due until June 22, 2002, a year after the district court docketed the Supreme Court's denial of certiorari. Because we agree with the district court that equitable tolling based on Mr. McIntosh's mistake about the deadline is not warranted, we affirm. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001) (equitable tolling affords otherwise time-barred petitioner exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond prisoner's control make it impossible to file petition on time).

A true copy.

Attest:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.