Robert LOHR, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. CR 98–223(3)MJD/JGL.
No. CIV.NO.03–6429 MJD.

United States District Court,
D. Minnesota.

Sept. 7, 2004.

Robert R Lohr, Waseca, MN, pro se.

## MEMORANDUM OF LAW & ORDER

DAVIS, District Judge.

### I. INTRODUCTION

This matter is before the Court on Petitioner Robert Lohr's ("Petitioner") Request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253. *United States v. Lohr*, Cr. No. 98–223(3) (MJD/JGL); (Doc. No. 558.) On December 3, 2003, a faxed, and unsigned, application for habeas relief pursuant to 28 U.S.C. § 2255 was received by the Clerk's office. (Doc. No. 541.) On March 23, 2004, petitioner filed a signed copy of the habeas petition. (Doc. No. 551.) On April 26, 2004, this Court denied Petitioner's habeas petition as untimely. (Docket No. 554); *Lohr v. United States*, Civ. No. 03–6429(MJD); (Doc. No. 2.) Petitioner subsequently filed this request for a Certificate of Appealability ("COA"), seeking appellate review of the order dismissing his habeas petition. (Docket No. 558.)

### II. BACKGROUND

On August 5, 1998, Petitioner, along with six co-defendants, was charged with conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 846, distributing cocaine in violation of 21 U.S.C. § 841(a)(1), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(i). Three of Petitioner's co-defendants entered guilty pleas prior to trial. This Court presided over Petitioner's trial, along with the remaining co-defendants. The trial was held from May 24, 1999, through June 18, 1999, and on June 22, 1999, all of the defendant's were convicted of the charged offenses.

On May 12, 2000, Petitioner was sentenced to 262 months imprisonment on counts 1 and 9, to be served concurrently.

Petitioner's conviction and sentence was upheld by the Eighth Circuit Court of Appeals. *See United States v. Sherman,* 262 F.3d 784, 789–93 (8th Cir.2001) *reh'g granted in part & opinion vacated in part,* (Oct. 9, 2001), *opinion reinstated sub. nom., United States v. Diaz,* 296 F.3d 680, 685 (8th Cir.2002), *cert. denied,* 537 U.S. 940, 123 S.Ct. 43, 154 L.Ed.2d 247 (2002). On December 16, 2002, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Lohr v. United States,* 537 U.S. 1095, 123 S.Ct. 709, 154 L.Ed.2d 645 (2002); (Doc. No. 520.)

Petitioner's Section 2255 motion asserted that his conviction should be vacated because it was obtained as a result of ineffective assistance of counsel and prosecutorial misconduct. Petitioner argued that his sentence should be vacated because he was incorrectly identified as a "manager or supervisor" of criminal activity in the PSI, and he was incorrectly assigned a criminal history category of II during his sentencing. As noted above, this Court denied Petitioner's motion, finding that the petition was untimely.

Petitioner now asks this Court for a COA on three primary issues: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) an improper leadership role sentence enhancement. By correspondence dated July 16, 2004, Petitioner also requests permission to "add ... the recent United States Supreme Court ruling in Blakely v. Washington to my request for Certificate of Appeal [sic]." With respect to the timeliness of the petition, Petitioner asserts that due to circumstances beyond his control, he did not receive a copy of the petition (prepared by Federal Prison Consultants, Inc.) for his signature before the December 16, 2003 filing deadline. Petitioner specifically contends that a private courier delivered a copy, but that Petitioner did not receive

the documents because they were shredded by prison personnel.

## III. DISCUSSION

### A. Legal Standard

A prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir.1997).

A COA will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. *See Kramer v. Kemna,* 21 F.3d 305, 307 (8th Cir.1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists, "that different courts could resolve the issues differently," or that the issues otherwise warrant further review. *Flieger v. Delo,* 16 F.3d 878, 882–83 (8th Cir.), *cert. denied,* 513 U.S. 946, 115 S.Ct. 355, 130 L.Ed.2d 309 (1994) (citing *Lozada v. Deeds,* 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956, (1991) *(per curiam ))*; *see also Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U.S. 834, 119 S.Ct. 89, 142 L.Ed.2d 70 (1998).

When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson,* 77 F.3d 1071, 1073 (8th Cir.1996) *(per curiam ). See also Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d

542 (2000) (granting a COA signifies that the issues raised " 'deserve encouragement to proceed further' ") (citation omitted).

### B. Petitioner's Request for a COA

### 1. The Timeliness of Petitioner's Motion

■ The initial, and primary, issue presented is whether Petitioner's admittedly late Section 2255 Petition should have been considered by this Court. Petitioner had one year from the time his conviction became final, December 16, 2002, in which to file his Section 2255 Petition. 28 U.S.C. § 2255(3); *Sweet v. Delo,* 125 F.3d 1144, 1155 (8th Cir.1997), *cert. denied,* 523 U.S. 1010, 118 S.Ct. 1197, 140 L.Ed.2d 326 (1998). Absent equitable tolling of the statute, an untimely petition must be rejected. *See United States v. McIntosh,* 332 F.3d 550, 550–51 (8th Cir.2003) (per curiam); *Mendoza v. United States,* 198 F.3d 250, 1999 WL 758657 (8th Cir.1999) (unpublished). Equitable tolling is only appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or the conduct of the respondent has lulled the petitioner into inaction. *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000).

■ Petitioner alleges that a copy of the prepared petition was delivered to the prison, presumably at a date when prisoner could have signed and filed the petition within the statute of limitations. Petitioner alleges, however, that prison officials shredded the documents and therefore, petitioner was unable to timely file the petition. Petitioner does not provide any indication as to how he learned of the alleged shredding, nor does he provide any proof that such shredding in fact took place. Furthermore, as pointed out by Respondent, Petitioner's claim is suspect because he sent a copy of his motion to Respondent on December 9, 2003. *See Response to Pet.'s Application for COA,* Ex. A; (Doc.

No. 560.) It is a fair inference that Petitioner had a copy of his motion on that date, one week *prior* to the statutory deadline in this matter. Finally, the fact that Petitioner did not raise this claim until well after the statutory deadline, and the date he finally filed a copy of the petition with the Court, casts additional doubt on Petitioner's claim that he was prevented from filing his petition due to the actions of prison officials. The Court finds that equitable tolling is inappropriate in this case, and Petitioner's application for a COA with respect to issues raised in his Section 2255 Motion is denied.

### 2. Petitioner's *Blakely* Claim

■ Petitioner also seeks to argue a claim pursuant to the Supreme Court's recent ruling in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Petitioner does not elaborate as to what his claim is, but at this stage it is probably not necessary to know what exactly Petitioner is alleging. Rather, it is enough to note that there is an open question in this Circuit, as to whether *Blakely* applies retroactively to convictions and sentences on collateral review. *United States v. Stoltz,* 325 F.Supp.2d 982 (D.Minn.2004). Thus, whether Petitioner can even allege a *Blakely* claim is a threshold issue which must be resolved prior to any consideration of such a claim on the merits.

Accordingly, based upon the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a Certificate of Appealability (Doc. No. 558.) is DENIED with respect to all issues asserted in Petitioner's Section 2255 Motion; and

2. A Certificate of Appealability is issued on the following question of law: Does the decision of the Supreme Court of the United States in *Blakely v. Washing-*

*ton,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), apply retroactively to collateral review of a conviction or sentence?