# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3606

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mario J. Watson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 20, 2010
Filed: October 18, 2010

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Mario J. Watson pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to seventy months' imprisonment. Judgment was entered on April 27, 2009. Months later, the district court[1] received a letter from Watson, wherein he contested his sentence. The letter was docketed as a motion to reduce sentence, and the district court denied relief on October 30, 2009. Within ten days after the denial of his motion, Watson filed a

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

pro se notice of appeal, stating that he was appealing from the April 2009 judgment and the October 2009 order.

Watson's appeal from the judgment of conviction and sentence was filed outside the deadlines set forth in Federal Rule of Appellate Procedure 4(b), a rule we have long considered jurisdictional. Our holding, however, has been called into question by the Supreme Court's decisions in Bowles v. Russell, 551 U.S. 205 (2007); Eberhart v. United States, 546 U.S. 12 (2005) (per curiam); and Kontrick v. Ryan, 540 U.S. 443 (2004). Accordingly, we appointed counsel to represent Watson and directed the parties to address the following two issues: (1) whether Rule 4(b) is jurisdictional, and (2) if Rule 4(b) is not jurisdictional, whether the government forfeited any objection to the timeliness of the notice of appeal and whether the court may enforce the time limit *sua sponte*. Thereafter, the government moved to dismiss the appeal, and the parties briefed the issues listed above.

We now hold that Federal Rule of Appellate Procedure 4(b) is a nonjurisdictional claim-processing rule. Watson's notice of appeal from the judgment of conviction and sentence was not timely filed, and the government properly objected by motion and in its merits brief. Accordingly, we dismiss the appeal from the judgment of conviction and sentence. As set forth below, Watson's timely taken appeal from the order denying his motion to reduce sentence is without merit, and thus we affirm the order of denial.

I.

Federal Rule of Appellate Procedure 4(b) provides the time for filing a notice of appeal in a criminal case. When judgment was entered against Watson, Rule 4(b)(1)(A) required that he file a notice of appeal "in the district court within 10 days

after the later of . . . the entry of either the judgment or the order being appealed."[2] Upon a showing of excusable neglect or good cause, the rule allowed the district court to extend the time to file the notice for "a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Watson did not seek an extension and filed his notice of appeal several months after the judgment of conviction and sentence was entered.

We have held that "[a] timely notice of appeal is mandatory and jurisdictional." United States v. Bonahoom, 484 F.3d 1003, 1005 (8th Cir. 2007) (per curiam) (quoting United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000)); see also, e.g., United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (per curiam); United States v. Anna, 843 F.2d 1146, 1147 (8th Cir. 1988). And we have dismissed for lack of jurisdiction criminal appeals in which the notice was filed outside Rule 4(b)'s time constraints. In light of recent Supreme Court decisions, we conclude that our precedent that the filing deadline in Rule 4(b) is jurisdictional is no longer good law. See Bowles, 551 U.S. 205; Eberhart, 546 U.S. 12; Kontrick, 540 U.S. 443. See generally United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008) ("Although one panel of this court ordinarily cannot overrule another panel, this rule does not apply when the earlier panel decision is cast into doubt by a decision of the Supreme Court." (emphasis omitted) (quoting Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 838 (8th Cir. 1997)).

In Kontrick v. Ryan, the Supreme Court held that a party's failure to comply with certain filing deadlines in the Federal Rules of Bankruptcy Procedure did not deprive the bankruptcy court of subject matter jurisdiction. 540 U.S. at 453-54. The Court distinguished between statutory time constraints and deadlines provided in claim-processing rules. Because "[o]nly Congress may determine a lower federal

---

[2]In 2009, the time limit in Rule 4(b)(1)(A) was revised from ten days to fourteen days. The method for computing time under the Rules was revised to include Saturdays, Sundays, and legal holidays. See Fed. R. App. P. 26.

court's subject-matter jurisdiction" and the bankruptcy rules at issue were procedural rules adopted by the Court for the orderly transaction of business, the Court held that the rules were not jurisdictional. Id. at 454.

Although a jurisdictional time limit must be enforced, a party may forfeit or waive its right to the enforcement of a nonjurisdictional claim-processing rule.

> A court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.

Id. at 456. Accordingly, in Eberhart v. United States, the Supreme Court held that the government forfeited its right to seek enforcement of Federal Rule of Criminal Procedure 33 when it failed to make a timely objection. 546 U.S. at 19. The Court determined that Rule 33 was a claim-processing rule and compared it to the bankruptcy rules at issue in Kontrick: "It is implausible that the Rules considered in Kontrick can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction." Eberhart, 546 U.S. at 16. The Court repeated its admonishment that "[c]larity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U.S. at 455.

In Bowles v. Russell, the Supreme Court reiterated the "jurisdictional distinction between court-promulgated rules and limits enacted by Congress." 551 U.S. at 211-12. The Court held that the time limits set forth in Federal Rule of Appellate Procedure 4(a) are jurisdictional because the limits are derived from statute, 28 U.S.C. § 2107(a). Bowles, 551 U.S. at 212-13. Section 2107(a) provides that no appeal from a civil judgment, order, or decree shall be reviewed by a court of appeals

"unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." The statute allows the district court to extend the time for appeal in certain cases and provides the time constraints for those extensions. Because the appellant had failed to file its notice of appeal within Rule 4(a)'s time constraints, the notice was outside the statutory time frame, and the court of appeals lacked subject matter jurisdiction to hear the case. Bowles, 551 U.S. at 213. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." Id. at 212-13.

Unlike Federal Rule of Appellate Procedure 4(a), Rule 4(b) is not grounded in statute and is set forth only in a court-prescribed rule of appellate procedure. Court-prescribed rules of practice and procedure, as opposed to statutory time limits, "do not create or withdraw federal jurisdiction." Kontrick, 540 U.S. at 453 (quotation and citation omitted). Rule 4(b) is thus a claim-processing rule, like the rules at issue in Kontrick and Eberhart. In accordance with all other circuits that have considered the issue, we hold that Rule 4(b) is not jurisdictional. See, e.g., Virgin Islands v. Martinez, No. 08-2694, 2010 WL 3489550 at *3 (3rd Cir. Sept. 8, 2010); United States v. Neff, 598 F.3d 320, 323 (7th Cir. 2010); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009); United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009); United States v. Byfield, 522 F.3d 400, 403 n.2 (D.C. Cir. 2008); United States v. Frias, 521 F.3d 229, 232 (2d Cir. 2008); United States v. Garduño, 506 F.3d 1287, 1290 (10th Cir. 2007); United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir. 2007) (per curiam); United States v. Sadler, 480 F.3d 932, 940 (9th Cir. 2007).

Although we retain jurisdiction over an untimely appeal from a criminal judgment, Rule 4(b)'s timeliness requirements remain inflexible and "assure relief to a party properly raising them." Eberhart, 546 U.S. at 19. Watson contends that the government forfeited its right to dismissal because it was put on notice of the appeal's

untimeliness, but nonetheless failed to object within a reasonable time. The government, however, properly objected to the appeal in its motion to dismiss and its merits brief, and it is entitled to dismissal. See Lopez, 562 F.3d at 1313 ("An appellee may object to the timeliness of an appeal for the first time in its merit brief."); Garduño, 506 F.3d at 1292 n.7 (Failure to move for dismissal "does not constitute a forfeiture where, as here, the appellee seeks dismissal for failure to timely appeal in its response brief.").

Having concluded that the government did not forfeit its objection, we decline to consider whether we may enforce Rule 4(b)'s time limit *sua sponte*. Suffice it to say that our order directing the parties to submit briefs on the timeliness of Watson's appeal was appropriate. See Day v. McDonough, 547 U.S. 198, 210 (2006) (noting that a court is not required to suppress its knowledge of violation of its rules of procedure).

II.

In his letter to the district court, Watson alleged that his total offense level had been miscalculated under the U.S. Sentencing Guidelines Manual. In its order denying the motion, the district court advised Watson that his letter was not the proper avenue for relief and that he might be able to seek post-conviction relief under 28 U.S.C. § 2255. We agree with the district court and affirm its order without further discussion. See 8th Cir. R. 47B.

Conclusion

We grant the government's motion to dismiss Watson's appeal from his judgment of conviction and sentence. We affirm the district court's order denying Watson's motion to reduce sentence.

_____