# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2760

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Duane C. Carter, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 2010
Filed: December 20, 2010

_____

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On October 29, 2009, the District Court[1] revoked Duane Carter's supervised release and sentenced him to twenty-four months' imprisonment. When the court entered judgment, Rule 4(b)(1)(A)[2] of the Federal Rules of Appellate Procedure

_____

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2] Effective December 1, 2009, the time period prescribed in Rule 4(b)(1)(A) was changed from ten days to fourteen days. The revised rule does not apply in this case, however, because the judgment from which Carter appeals was entered prior to the effective date of the amendment.

required Carter to file his notice of appeal with the District Court "within 10 days after the later of . . . the entry of either the judgment or the order being appealed." The rule allowed the District Court to extend the time in which to file the notice of appeal for "a period not to exceed 30 days from the expiration of the time otherwise prescribed by" Rule 4(b), but only upon a showing by an appellant of excusable neglect or good cause. Fed. R. App. P. 4(b)(4).

Carter signed a pro se notice of appeal and a motion for an extension of time on December 6, 2009, outside the ten-day filing period prescribed by Rule 4(b)(1) but within the thirty-day extension period permitted by Rule 4(b)(4). The District Court, however, did not receive those documents until December 17, 2009, outside both the ten-day filing period and the thirty-day extension period. To determine whether Carter's notice and motion could be deemed timely filed under Rule 4(c),[3] the District Court repeatedly ordered Carter to submit the declaration or notarized statement required by the rule and attest to the date on which he placed the notice and motion in the prison mail system. When Carter failed to provide the required documentation, the District Court denied the motion for an extension and transmitted the matter to our Court. We docketed the appeal on August 10, 2010.

Pursuant to Circuit precedent, our administrative panel would typically have dismissed Carter's untimely appeal for lack of jurisdiction because we have long held that Rule 4(b)'s ten-day filing period is jurisdictional. We elected to delay ruling in this matter, however, because a hearing panel of our Court was considering similar Rule 4(b) timeliness issues in a case scheduled for oral argument in September 2010. On October 18, 2010, that hearing panel issued its decision in United States v. Watson, 623 F.3d 542 (8th Cir. 2010). Citing a series of U. S. Supreme Court

---

[3]Rule 4(c) of the Federal Rules of Appellate Procedure codifies the prison mailbox rule and states, "If an inmate confined in an institution files a notice of appeal . . . , the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1).

decisions, the <u>Watson</u> Court overruled long-standing Circuit precedent that a timely filed notice of appeal under Rule 4(b) is mandatory and jurisdictional. <u>Id.</u> at 546. Instead, the <u>Watson</u> Court held, Rule 4(b) "is a nonjurisdictional claim-processing rule" that may be forfeited or waived if the party asserting application of the rule fails to timely raise the issue. <u>Id.</u> at 544, 545. The court noted that the timeliness requirements of Rule 4(b) "'assure relief to a party properly raising them,'" <u>id.</u> at 546 (quoting <u>Eberhart v. United States</u>, 546 U.S. 12, 19 (2005) (per curiam)), and held that because the government raised the timeliness issue in a motion to dismiss the appeal and in its merits brief, the government was "entitled to dismissal," <u>id.</u> The Court cited with approval an Eleventh Circuit case noting that the timeliness issue is preserved when it is raised for the first time in a merits brief, <u>United States v. Lopez</u>, 562 F.3d 1309, 1313 (11th Cir. 2009), and a Tenth Circuit case noting that the timeliness issue is preserved when it is raised for the first time in a response brief, <u>United States v. Gardun˜o</u>, 506 F.3d 1287, 1292 n.7 (10th Cir. 2007).[4] <u>Id.</u>

After the <u>Watson</u> opinion was issued, we appointed counsel to represent Carter and directed the parties to show cause why Carter's appeal should not be dismissed as untimely. The parties responded, and the government argued that Carter's notice of appeal was untimely under Rule 4(b) and that he had not submitted the affidavit or notarized statement necessary to prove that he was entitled to the benefit of Rule 4(c)(1), nor had he shown excusable neglect or good cause for failing to timely file his notice of appeal.[5] Although a party may forfeit or waive its right to the enforcement of a nonjurisdictional claim-processing rule, we conclude that by raising the timeliness issue in its response to our show-cause order, the government has properly objected

---

[4]When the government recognizes a potential violation of Rule 4(b)(1)(A), the better practice would be to file a motion for dismissal under Rule 27 of the Federal Rules of Appellate Procedure to avoid briefing on the merits.

[5]Neither party cited the <u>Watson</u> decision in its response to the Court's order to show cause. In fact, in its response, the government cited two cases that were specifically identified by the <u>Watson</u> Court as "no longer good law." Slip op. at 3.

to the timeliness of Carter's notice of appeal and is entitled to dismissal.  <u>See</u> <u>Watson</u>, 623 F.3d at 546;  <u>Lopez</u>, 562 F.3d at 1313; <u>Gardun~o</u>, 506 F.3d at 1292 n.7.

Carter argues that he has shown good cause or excusable neglect for failing to timely file his notice of appeal and submit the affidavit or notarized statement required under Rule 4(c).  In the alternative, he argues that we should remand his case for the District Court to determine whether his notice of appeal was timely.  We reject Carter's arguments.  <u>Cf.</u> <u>Grady v. United States</u>, 269 F.3d 913, 918 (8th Cir. 2001) (holding in § 2255 context that "a district court may refuse to consider a prisoner's Rule 4(c) affidavit due to a lengthy and unwarranted delay in submission"); <u>Porchia v. Norris</u>, 251 F.3d 1196, 1199 (8th Cir. 2001) ("We perceive no good reason to allow an appellant to establish timely filing on remand (the second bite at the apple) when nothing hinders the appellant from proving timely filing when he first appeals.").

Accordingly, we dismiss for lack of a timely appeal.

_____