# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1001

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Steven Chaney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2016
Filed: April 11, 2016
[Unpublished]

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Steven Chaney appeals from the district court's[1] denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Amendment 782 to the United States Sentencing Guidelines. We dismiss Chaney's appeal as untimely.

## I. *Background*

The district court denied Chaney's motion for a sentence reduction on December 2, 2014. On December 22, 2014, more than 14 days after entry of the order denying the sentence reduction, the district court docketed Chaney's pro se notice of appeal. Chaney's notice provided, "I would like to put in for Notice of Appeal regarding sentence reduction pursuant to 18 U[.]S[.]C[.] § 3582(c)(2). Thank you[,] Michael Chaney[,] 12-15-14."

## II. *Discussion*

The government requests that we dismiss the instant appeal as untimely because Chaney failed to file his notice of appeal within 14 days of the district court's entry of the order denying Chaney's motion for a sentence reduction. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed."); *United States v. Watson*, 623 F.3d 542, 546 (8th Cir. 2010) (explaining that even though this court "retain[s] jurisdiction over an untimely appeal from a criminal judgment, Rule 4(b)'s timeliness requirements remain inflexible" and that when the government has "properly objected to the appeal . . . it is entitled to dismissal" (citations omitted)).

Pursuant to Rule 4(b)(1)(A)(i), Chaney's notice of appeal was due on December 16, 2014. But, as an inmate confined in an institution, Chaney can benefit from the prison mailbox rule, set forth in Rule 4(c)(1):

> If an inmate confined in an institution files a notice of appeal in either
> a civil or a criminal case, the notice is timely *if it is deposited in the*
> *institution's internal mail system on or before the last day for filing*. If

an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. *Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement*, either of which must set forth the *date of deposit* and state that *first-class postage has been prepaid*.

(Emphases added.)

In turn, 28 U.S.C. § 1746(2) provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

***

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.["] Executed on (date).

Chaney's notice of appeal does not comply with Rule 4(c)(1). Even assuming that "12-15-14" represents the date on which Chaney deposited the notice of appeal into the prison's internal mail system, Chaney failed to show timely filing by executing "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement." Fed. R. App. P. 4(c)(1). Chaney also did not "state that first-class postage has been prepaid." *Id*. Chaney has not offered any argument showing "excusable

-3-

neglect or good cause for failing to timely file his notice of appeal." *See United States v. Carter*, 404 F. App'x 95, 97 (8th Cir. 2010) (per curiam) (footnote omitted). As a result, Chaney cannot avail himself of the benefits of the prison mailbox rule and his notice of appeal filed on December 22, 2014, is untimely.

### III. *Conclusion*

Accordingly, we dismiss for lack of a timely appeal.

_____