# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1498

_____

United States of America

*Plaintiff - Appellee*

v.

Jerome A. Reed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 6, 2017
Filed: March 1, 2017
[Unpublished]

_____

Before RILEY, Chief Judge, SMITH and BENTON, Circuit Judges.

_____

PER CURIAM.

Jerome A. Reed pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

to 108 months' imprisonment. He appeals the reasonableness of the sentence. This court has jurisdiction under 28 U.S.C. § 1291.

Inside a Quik Trip, a clerk saw a handgun fall to the ground where Reed was standing. The clerk watched him pick it up and put it in his pocket. The clerk notified an off-duty Sheriff's deputy who worked at the store. The deputy stopped Reed and searched him, discovering a 9 mm pistol. After a computer search revealed prior felonies, he was arrested.

Reed pled guilty under a binding plea agreement with a sentence of 72 months. Reviewing the presentence investigation report, the district court rejected the agreement. Reed withdrew his plea, eventually pleading guilty without a plea agreement. At sentencing, the district court determined a guidelines range of 70 to 87 months. Varying upward based on a number of factors including nine prior felonies, the court sentenced Reed to 108 months. On October 2, 2015, the court filed the judgment and commitment order.

On February 22, 2016, Reed filed a pro se motion "for leave to proceed in forma pauperis on appeal" and a notice of appeal. The district court authorized proceeding in forma pauperis. In the notice of appeal, Reed asserted that his attorney, Byron Woehlecke, told him "he would file the appeal."

Appointing Woehlecke to represent Reed on appeal, this court directed Woehlecke to show cause why the "appeal should not be dismissed as untimely." He responded, stating he had "reviewed notes and memories from the date of sentencing and can find nothing that indicates that this matter was discussed." He added that if Reed "was mistakenly under the impression that a notice of appeal and an appeal were to be filed on his behalf by plea counsel, then arguably his failure to timely file a notice of appeal pro se is due to excusable neglect." After Reed filed his substantive brief in this appeal, the government moved to dismiss, arguing the appeal was untimely. Reed did not respond.

Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

The district court entered the written judgment on October 2, 2015. Reed did not file a notice of appeal within the 14-day window or seek an extension from the district court. Rather, he filed his notice of appeal on February 22, 2016, over three months after the 14-day deadline.

"Although [this court] retain[s] jurisdiction over an untimely appeal from a criminal judgment, Rule 4(b)'s timeliness requirements remain inflexible and 'assure relief to a party properly raising them.'" *United States v. Watson*, 623 F.3d 542, 546 (8th Cir. 2010), *quoting Eberhart v. United States*, 546 U.S. 12, 19 (2005). Where, as here, the government properly objects to the timeliness of an appeal in a "motion to dismiss and its merits brief . . . it is entitled to dismissal." *Id.*, *citing United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). *See United States v. Chaney*, 641 Fed. Appx. 651, 653 (8th Cir. 2016) (dismissing appeal as untimely); *United States v. Carter*, 404 Fed. Appx. 95, 97 (8th Cir. 2010) (same).[2]

Reed's appeal is dismissed as untimely.

-------------------------------------

[2]Woehlecke's statement about "excusable neglect" is irrelevant because Reed did not seek an extension from the district court under Federal Rule of Appellate Procedure 4(b)(4).