# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3043
_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Winters

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: September 23, 2019
Filed: November 22, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and BEAM, Circuit Judges.
_____

PER CURIAM.

A standard condition of Gary Winters's supervised release prohibits him from associating with convicted felons without permission from a probation officer.

Winters appeals the district court's[1] denial of his request to modify the condition. He argues that the condition effectively bars contact with his brother, a felon, and is, therefore, an unreasonable restriction. We dismiss Winters's appeal as untimely.

## I. *Background*

The district court sentenced Winters to 204 months' imprisonment[2] and 10 years' supervised release after Winters pleaded guilty to one count of conspiracy to distribute methamphetamine after having been convicted of a felony drug offense. As a part of Winters's supervised release, the district court ordered Winters to comply with several standard conditions. One standard condition restricted Winters from associating with any person convicted of a felony unless he received permission to do so from his probation officer.

Upon release from incarceration, Winters filed a motion to modify his supervised release condition barring him from associating with convicted felons to allow him to have contact with his brother, a felon. On September 5, 2018, the district court denied the motion, explaining that once Winters's brother was released from prison, Winters's probation officer would review the situation and make a recommendation to the district court concerning Winters's association with his brother.

Winters mailed his notice of appeal on September 18, 2018. On September 21, 2018, more than 14 days after entry of the order, the district court docketed Winters's pro se notice of appeal.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]The district court later reduced Winters's sentence to 92 months' imprisonment.

## II. *Discussion*

The government argues in its jurisdictional statement that this appeal is untimely because Winters failed to file his notice of appeal within 14 days of the district court's order denying Winters's motion to modify his supervised release conditions. *See* Fed. R. App. P. 4(b)(1)(A)(I) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . .").

The district court entered its order on September 5, 2018. Although Winters mailed his notice of appeal on September 18, 2018, he did not file his notice of appeal until September 21, 2018, after the 14-day deadline.

"Although we retain jurisdiction over an untimely appeal from a criminal judgment, Rule 4(b)'s timeliness requirements remain inflexible and 'assure relief to a party properly raising them.'" *United States v. Watson*, 623 F.3d 542, 546 (8th Cir. 2010) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)). In addition, unfamiliarity with filing rules does not relieve a movant of his responsibility to follow court procedures. *See United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003) (per curiam). Therefore, when, as here, the government properly objects to the timeliness of an appeal in its merits brief, "it is entitled to dismissal." *Watson*, 623 F.3d at 546.

In addition, Winters failed to obtain a 30-day extension from the district court by establishing excusable neglect or good cause for his untimely appeal.

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). However, here, when the clerk of the court asked Winters to file a motion for extension of time with the district court to establish neglect or good cause, Winters never responded and never filed any motion with the district court. Because of this, Winters "has not offered any argument showing 'excusable neglect or good cause for failing to timely file his notice of appeal.'" *United States v. Chaney*, 641 F. App'x 651, 653 (8th Cir. 2016) (per curiam) (quoting *United States v. Carter*, 404 F. App'x 95, 97 (8th Cir. 2010) (per curiam)).

Therefore, Winters's notice of appeal filed on September 21, 2018, is untimely.

## III. *Conclusion*

Accordingly, we dismiss the appeal for lack of a timely appeal.

_____