**UNITED STATES of America,
Appellee,**

v.

**Donald E. WADE and Willie Houston, Jr.,
Appellants.**

**Nos. 72–1267, 72–1268.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 4, 1972.

Decided Oct. 16, 1972.

Randell Templeton, Little Rock, Ark., for appellants.

James R. Rhodes, Asst. U. S. Atty., W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before VOGEL and VAN OOSTER-HOUT, Senior Circuit Judges, and ROSS, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

Before us are appeals by defendants Wade and Houston from their conviction by a jury on an indictment charging aggravated bank robbery in violation of 18 U.S.C. § 2113(d) and prison sentences imposed on March 16, 1972.

The Government concedes Houston filed a timely notice of appeal but urges Wade's notice of appeal was not timely and that this court is without jurisdiction to entertain Wade's appeal.

The trial court in a memorandum and order filed May 3, 1972, found Wade was a pauper and that he did not file notice of appeal until about April 11, 1972, or some twenty-six days after the entry of final judgment, but held that under the circumstances he would permit Wade's notice of appeal to be filed and permit him to proceed with the appeal in forma pauperis.

Rule 4(b) FRAP provides that notice of appeal shall be filed within ten days after the entry of judgment but further provides:

"Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without

motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

The record is incomplete and unsatisfactory on the timeliness of appeal issue. The record reflects that Wade signed a notice of appeal in the federal prison at Terre Haute, Indiana, where he was serving his sentence and that he swore to the notice before a prison official on April 4, 1972, and that the notice was transmitted to the court on April 11 by mail by a prison official. The record further reflects that Wade was represented at his trial by employed counsel but there is no showing that such representation continued after sentence or that Wade had an opportunity to discuss his appellate rights with his counsel. The court's memorandum contains a conclusory statement that Wade was advised of his appellate rights at the time of sentence but we have no record which reflects precisely what was said.

■ Under Rule 4 the trial court had jurisdiction to permit the appeal even though the ten days for filing had expired, and to extend the time for filing of notice of appeal for thirty days from the normal expiration date, with or without motion and notice upon a finding of excusable neglect. The court made no express finding of excusable neglect but we believe it is fair to infer that he made the finding as such finding is a prerequisite to the court's jurisdiction to extend the time for filing a notice of appeal.

We hold that the trial court under the peculiar facts of this case did not abuse its discretion in extending the time for filing Wade's notice of appeal. The notice of appeal was filed within the permissible extension period granted and hence jurisdiction exists to consider Wade's appeal.

Both defendants urge that they were denied a fair trial by reason of a prejudicial remark made by prospective juror Mrs. Cooper to the effect that Willie Houston shot her son, and additionally urged the court erred in emphasizing such error by the cautionary instruction given to the jury immediately after the incident and repeated in the instructions at the close of the evidence. The asserted error occurred during the course of the voir dire examination of the jury made by the court. The record reflects the pertinent questions and answers to be:

"[THE COURT]: Do any of you know either of these defendants?

"MRS. JESSIE COOPER: Yes, sir, I know Willie. I don't really know him, but—

"THE COURT: You know one of the defendants? Which one?

"MRS. JESSIE COOPER: He shot my son and he—

"THE COURT: Perhaps you better step aside. The court didn't understand which one it was, but you better stand aside."

The answer "he shot my son" was an improper statement innocently made by the juror and not anticipated by the court or anyone else. The court immediately stopped the juror from answering further, excused the juror from further service in the case and admonished the jury to disregard the statement.

Defendant made a timely motion for a mistrial based on juror Cooper's statement. The court inquired of the jurors whether any of them knew anything about the episode and received negative responses. All jurors gave negative responses to the court's question, "Does the fact that this comment was made in any way prejudice you against either of these defendants?" Each juror also stated that he could and would give both defendants a fair and impartial trial.

In Butler v. United States, 351 F.2d 14, 19 (8th Cir. 1965), this court held:

"The ultimate and decisive test is whether the jurors who tried appellant were fair and impartial. 'Of course there could be no constitutional infirmity in these rulings if petitioner actually received a trial by an impar-

tial jury.' Beck v. Washington, 369 U.S. 541, 556, 82 S.Ct. 955, 963, 8 L. Ed.2d 98 (1962)."

It is a well-established rule that the allowance of a mistrial motion ordinarily rests in the trial court's discretion and that the trial court's ruling thereon will not be set aside except upon a clear showing of abuse of discretion. McWilliams v. United States, 394 F.2d 41, 47 (8th Cir. 1968); Frohmann v. United States, 380 F.2d 832, 835 (8th Cir. 1967). The reason for such rule is clearly pointed out in Schaefer v. United States, 265 F.2d 750, 753 (8th Cir. 1959):

> "A trial judge is always in the best position to determine whether such an incident as occurred in this case, which it was impossible to anticipate or guard against (compare, Cochran v. United States, 8 Cir., 41 F.2d 193, 206, and Reistroffer v. United States, 8 Cir., 258 F.2d 379, 392–393), calls for a mistrial. Only a clear and obvious abuse of a trial court's discretion in refusing a mistrial will justify a reversal of a case by an appellate court upon a cold record. As was said in Goldstein v. United States, 8 Cir., 63 F.2d 609, 613, 'It is impossible to gather from the cold record * * * the atmosphere of the trial itself, the manner in which the words were spoken, or the probable effect, if any, which they had upon the merits of the controversy.' . . . "

We are convinced that the trial court did not abuse its discretion in denying the mistrial motion. While the unsolicited remark by the juror was improper, it was innocently made as the trial court points out in its admonition and instruction to the jury immediately after the statement was made and its instructions to the jury at the close of all of the evidence, the remark did not charge the defendant with a crime. The remark does not disclose whether the shooting was intentional or accidental. The jury was plainly told that the statement had no bearing on the defendants'

guilt of the crime charged in the present case and that the jury was to completely disregard it and give it no consideration. The jury in response to appropriate inquiries from the court, as above set out, clearly indicated that they could give the defendants a fair and impartial trial despite the remark. The trial court being present on the scene was in a favorable position to judge the sincerity of the jurors' answers and the impact made upon the jury by the remark. The court did all that could be done to obtain all information possible to aid it in its determination of whether the juror's statement would deprive defendants of a fair and impartial trial. See United States v. Colabella, 448 F.2d 1299 (2d Cir. 1971).

The defendants did not request any further interrogation of the jury on the prejudice issue. Defendants also had the opportunity to exercise their peremptory challenges to strike any juror whom they thought might be prejudiced against them. We note that the defendant Wade who was not implicated by the juror's statement was convicted.

Defendants' contention that the court erred in reiterating its cautionary instruction to the jury on juror Cooper's remark lacks merit. Defendants concede that they took no exception to the instructions and thus they are precluded by Rule 30, Fed.R.Crim.P., from urging error in the instructions given. Of course plain error can be noted under Rule 52(b), Fed.R.Crim.P. We are convinced that no plain error has been established.

The judgment convicting each of the defendants is affirmed.

ROSS, Circuit Judge (dissenting). .

There is no dispute about what happened in the trial of this case. One of the prospective jurors, while being questioned in the presence of all of the other prospective jurors, said, "He shot my son," referring to Willie Houston. At this point it would have been a simple matter to discharge the prospective jurors and start over since very little of

the court's time had then been expended. The trial court chose instead to instruct the jury to disregard the remark.

In my opinion, the remark was a direct accusation of defendant Willie Houston of committing a serious crime with which he was not charged, and the caution and instructions of the court could not possibly erase the prejudicial effect of the remark from the minds of the jury. *See* State v. Strong, 119 Ohio App. 31, 26 Ohio Op.2d 134, 196 N.E.2d 801 (Ct.App. Clark County, 1963). Since we do not have before us a transcript of the evidence adduced at the trial, it is not possible to say that the evidence of guilt is so overwhelming that the error should be deemed harmless. I would reverse as to the defendant Willie Houston and order a new trial.