**UNITED STATES of America, Appellee,**

v.

**Samuel GIBSON, Appellant.**

**No. 77–1630.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 28, 1977.

Decided Jan. 5, 1978.

Ragnhild Anne Westby, St. Paul, Minn., on brief, for appellant.

---

Andrew W. Danielson, U. S. Atty. and Mel I. Dickstein, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Samuel Gibson and Rafeal Wofford were convicted of unlawfully distributing heroin in violation of 21 U.S.C. § 841(a)(1). We have affirmed Wofford's conviction. *United States v. Wofford,* 562 F.2d 582 (8th Cir. 1977). Gibson argues on appeal that the trial court improperly joined for trial both the codefendants and the separate counts of the indictment. He also argues that the trial court improperly excluded certain testimony aimed at impeaching a key government witness.

We must first determine whether we have jurisdiction to consider the appeal. *Stewart v. Bishop,* 403 F.2d 674, 677 (8th Cir. 1968). The trial court imposed sentence and issued the judgment on April 21, 1977, but Gibson did not file a notice of appeal until August 12, 1977. Gibson's counsel did file a motion for an order for leave to appeal in forma pauperis on May 3, 1977. The motion was granted on August 12, 1977.

■ F.R.A.P. 4(b) requires that in a criminal case a notice of appeal shall be filed in the District Court within ten days after the entry of judgment. The District Court may extend this time for a period not to exceed thirty days if the defendant shows excusable neglect. Taking an appeal within the prescribed time is mandatory and jurisdictional. *United States v. June,* 503 F.2d 442, 443 (8th Cir. 1974).

■ Although the affidavit accompanying Gibson's motion for leave to appeal in forma pauperis was sufficient to constitute notice of appeal, *see* F.R.A.P. 3(c); *Alley v. Dodge Hotel,* 163 U.S.App.D.C. 320, 323, 501 F.2d 880, 883 (1974); *Johnson v. United States,* 132 U.S.App.D.C. 4, 5 n.6, 405 F.2d 1072, 1073 n.6 (1968), the notice was not filed within ten days after entry of judgment. The notice of appeal was filed with-

in the thirty-day extension period allowed by F.R.A.P. 4(b), but the trial court made no express finding of excusable neglect. However, such a finding may be inferred since the trial court granted the motion for leave to appeal in forma pauperis. *See United States v. Wade,* 467 F.2d 1226, 1228 (8th Cir. 1972), *cert. denied,* 410 U.S. 933, 93 S.Ct. 1384, 35 L.Ed.2d 596 (1973). We conclude that the notice of appeal was timely filed. We turn to the substantive issues.

Gibson's arguments regarding improper joinder and severance are adequately answered in *United States v. Wofford, supra* at 585–586.

■ Gibson's next argument, that certain impeachment evidence was improperly excluded, also lacks merit. Gibson wanted to inquire into the federal regulations governing the methadone program since the witness's use of methadone indicated a lack of compliance with the regulations. This was clearly a collateral matter and it was within the discretion of the trial court to foreclose inquiry into it. *See* Fed.R.Evid. 403; *United States v. Johnson,* 516 F.2d 209, 214 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975).

The judgment of conviction is affirmed.