UNITED STATES of America, Appellee,

v.

Walter William ANNA, Appellant.

No. 87-1107.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1988.

Decided April 7, 1988.

James C. Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Richard Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG and BOWMAN, Circuit Judges, and WRIGHT, Senior Circuit Judge.*

BOWMAN, Circuit Judge.

Defendant Walter Anna entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. App. § 1202(a)(1) and received a 15-year sentence, the minimum enhanced sentence. He appeals the

_____

* The Honorable Eugene Wright, Senior Circuit Judge for the United States Court of Appeals for

District Court's [1] denial of his Fed.R.Crim. P. 35 motion for correction of sentence. Finding that we lack jurisdiction, we remand the case to the District Court.

▮ The threshold issue presented is whether a timely notice of appeal has been filed so as to confer jurisdiction upon this Court. Fed.R.App.P. 4(b) provides in pertinent part:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from.... Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

This rule applies to an appeal from the denial of a Rule 35 motion. *See United States v. Bedrosian,* 631 F.2d 582, 583 (8th Cir.1980) (per curiam). Further, the timely filing of a notice of appeal is both mandatory and jurisdictional. *United States v. Gibson,* 568 F.2d 111, 112 (8th Cir.1978) (per curiam).

Anna's motion for correction of sentence was denied on December 29, 1986. His notice of appeal was docketed by the District Court on January 16, 1987 (18 days after entry of final judgment), and his petition for leave to appeal in forma pauperis was granted on January 20, 1987. The question is whether the time for filing the notice of appeal was extended pursuant to Fed.R.App.P. 4(b).

▮ Before a district court can extend the time for filing a notice of appeal, it must find that the untimely notice is the product of excusable neglect. *United States v. Wade,* 467 F.2d 1226, 1228 (8th Cir.1972), *cert. denied,* 410 U.S. 933, 93 S.Ct. 1384, 35 L.Ed.2d 596 (1973). An explicit finding of excusable neglect was not made in this case. Since the docketing of a late notice of appeal is inevitably a clerical act, and not a judicial act, no inference of a judicial finding of excusable neglect can be drawn therefrom. In the past, we have construed the district court's acceptance of a late notice of appeal, filed within the 30–day extension period, as a finding of excusable neglect and a granting of additional time. *Gibson,* 568 F.2d at 112 (finding of excusable neglect may be inferred from the district court's granting of motion to appeal in forma pauperis); *United States v. Williams,* 508 F.2d 410, 410 (8th Cir.1974) (per curiam); *United States v. Mills,* 430 F.2d 526, 528 (8th Cir.1970), *cert. denied,* 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971). This practice is discretionary, and we decline to follow it. A routine practice of accepting notices of appeal filed within the 30–day extension period effectively abrogates the 10–day rule and replaces it with a 40–day rule—a result that cannot be squared with the plain language of Rule 4(b). Moreover, because the district court's granting of in forma pauperis status to the would-be appellant does not necessarily embrace a finding of excusable neglect, it does not suffice for the finding of excusable neglect that Rule 4(b) requires.

▮ It is essential that the district courts establish proper procedures for handling untimely notices of appeal in criminal cases.[2] In the present case, the District Court has not made a finding of excusable neglect as required by Rule 4(b). We therefore conclude that this appeal is not properly before us, and we remand the case to the District Court for consideration of the jurisdictional issue. Specifically, the

---

the Ninth Circuit, sitting by designation.

1. The Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri.

2. Because the district court does not have jurisdiction to grant an extension of time until it first finds excusable neglect, *see* Fed.R.App.P. 4(b); *Wade,* 467 F.2d at 1228, a workable prac-

tice might be to docket late notices of appeal filed within the 30–day extension period provided by Rule 4(b) either provisionally or as motions for extension of time. The district court then expressly could rule on the question of excusable neglect and enter an order granting or denying an extension of time in which to file the notice of appeal.

District Court should determine whether this is a case of excusable neglect and, if so, whether Anna's time for filing a notice of appeal should be extended for a period not to exceed 30 days from the expiration of the 10–day period that Rule 4(b) establishes. If the District Court finds excusable neglect and extends Anna's time for filing a notice of appeal to January 16, 1987, the District Court shall so advise this Court, and this appeal then may proceed without further notice or briefing.