# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1295

———————

United States of America,      *
     *
     Appellee,      *    Appeal from the United States
     *    District Court for the
     v.      *    Eastern District of Arkansas.
     *
Jeffrey Ray Johnson,      *    [UNPUBLISHED]
     *
     Appellant.      *

———————

Submitted: August 23, 2005
Filed: September 2, 2005

———————

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

    Jeffrey Johnson challenges the sentence imposed by the district court[1] after he pleaded guilty to conspiring to commit mail fraud. In the judgment entered on November 29, 2004, the district court noted that Johnson had not submitted certain required financial information to the probation office; the district court stated that when this information was reviewed, the court would consider instituting a payment plan for Johnson's restitution, and imposing a fine, by supplemental order. In its supplemental order the district court declined to impose a fine or change the amount

———————

[1] The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

of restitution but set a payment schedule for the restitution previously ordered.  The supplement was issued on January 10, 2005, and Johnson filed his notice of appeal on January 20.

We dismiss the appeal for lack of jurisdiction, because Johnson's notice of appeal was not filed within 10 days of the November 29 entry of judgment.  See Fed. R. App. P. 4(b)(1)(A)(i) (in criminal case, defendant's notice of appeal must be filed within 10 days after entry of judgment); United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (timely notice of appeal is mandatory and jurisdictional).  The supplement to the judgment did not start the time for appeal running anew, because the supplement did not substantially change the substance of the original judgment or disturb Johnson's legal rights:  the restitution and fine amount were not changed, and on appeal Johnson is not challenging the substance of the supplement.  See Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12 (1952) (fact that previously entered judgment has been revised in immaterial way does not toll time for appeal; question is whether second order disturbed or revised legal rights which had been settled with finality by prior judgment); United States v. 1,431.80 Acres of Land, 466 F.2d 820, 822 (8th Cir. 1972) (per curiam) (district court's retention of jurisdiction for future ministerial orders does not affect finality of original order).

Accordingly, the appeal is dismissed for lack of jurisdiction.
_____