# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3760

_____

United States of America

*Plaintiff - Appellee*

v.

Pierre Starks, also known as Pep

*Defendant - Appellant*

_____

No. 15-3844

_____

United States of America

*Plaintiff - Appellee*

v.

Pierre Starks, also known as Pep

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: August 19, 2016
Filed: August 24, 2016
_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.
_____

MURPHY, Circuit Judge.

Pierre Starks appeals the district court's denial of his motions to reduce his sentence under 18 U.S.C. § 3582(c)(2). The government argues that this appeal is untimely under Fed. R. App. P. 4(b). Since the district court did not determine whether Starks' untimely notice of appeal was the result of excusable neglect or good cause, we remand the case to the district court.

Fed. R. App. P. 4(b)(1)(A)(i) requires a criminal defendant to file her notice of appeal in the district court "within 14 days after . . . the entry of . . . the order being appealed." The district court may extend this time period, however, under Rule 4(b)(4) which states:

> Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Although these time constraints are not jurisdictional limitations, "Rule 4(b)'s timeliness requirements [are] inflexible and assure relief to a party properly raising them." United States v. Watson, 623 F.3d 542, 546 (8th Cir. 2010).

On October 6, 2015 the district court entered its order denying Starks' motions to reduce his sentence. He thus was required to file his notice of appeal in the district court by October 20, and the district court could have extended this deadline to November 19 on a showing of excusable neglect or good cause. See Fed. R. App. P. 4(b)(1)(A)(i), (b)(4). Starks filed his notice of appeal on November 9, twenty days after the fourteen day deadline but ten days before the excusable neglect or good cause deadline. See id. 4(c) (prison mailbox rule). The district court docketed Starks' notice of appeal on November 13.

Starks argues that the district court implicitly granted him a thirty day extension for excusable neglect or good cause under Rule 4(b)(4) when it docketed his late notice of appeal. Our court has concluded, however, that "[b]efore a district court can extend the time for filing a notice of appeal, it must find that the untimely notice is the product of excusable neglect." United States v. Anna, 843 F.2d 1146, 1147 (8th Cir. 1988), abrogated on other grounds, Watson, 623 F.3d at 544. "Since the docketing of a late notice of appeal is inevitably a clerical act, and not a judicial act, no inference of a judicial finding of excusable neglect can be drawn therefrom." Id. Although Anna was decided when we considered Rule 4(b) a limit to our jurisdiction, it controls our decision in this case because the government properly raised the timeliness issue and Anna's interpretation of the plain language of Rule 4(b) is unaffected by our conclusion in Watson that Rule 4(b) is not jurisdictional.

Because the district court "has not made a finding of excusable neglect as required by Rule 4(b)," we remand the case to the district court to determine whether "this is a case of excusable neglect [or good cause] and, if so, whether [Starks'] time for filing a notice of appeal should be extended for a period not to exceed 30 days from the expiration" of the 14 day period that Rule 4(b)(1)(A)(i) establishes. Anna, 843 F.2d at 1147–48. If the district court finds that excusable neglect or good cause extends Starks' time for filing a notice of appeal to November 9, 2015, the court shall

advise our court, "and this appeal may then proceed without further notice or briefing."  <u>See</u> <u>id.</u> at 1148.

_____