# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-3760

———————————————

United States of America

*Plaintiff - Appellee*

v.

Pierre Starks, also known as Pep

*Defendant - Appellant*

———————————————

No. 15-3844

———————————————

United States of America

*Plaintiff - Appellee*

v.

Pierre Starks, also known as Pep

*Defendant - Appellant*

————————

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: September 19, 2016
Filed: October 5, 2016
[Unpublished]
_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.
_____

MURPHY, Circuit Judge.

Pierre Starks pled guilty in 2007 to conspiracy to distribute and possess with intent to distribute powder cocaine, crack cocaine, ecstacy, and marijuana. The district court[1] sentenced him to 188 months imprisonment. In 2014 Starks moved for a sentence reduction based upon amendment 782 to the sentencing guidelines which had reduced base offense levels for crimes involving crack cocaine. The district court denied the motion. Starks appeals, and we affirm.

I.

In 2006 a grand jury returned a four count indictment against Starks. Count I charged him with conspiracy to distribute and possess with intent to distribute powder cocaine, crack cocaine, ecstacy, and marijuana. Count II charged Starks with distribution of more than 50 grams of crack cocaine. In 2007 Starks was charged in a separate indictment with conspiracy to distribute and possess with intent to distribute powder cocaine and marijuana.

Starks pled guilty in a consolidated plea agreement to Counts I and II of the 2006 indictment and to the distribution charge in the 2007 indictment. The plea also contained a non binding sentencing recommendation under Fed. R. Crim. P.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

-2-

11(c)(1)(B) which recommended a base offense level of 34 under USSG § 2D1.1(3) (2006) because "the quantity of drugs for which the defendant is <u>accountable</u> with respect to both cases, including relevant conduct, calculated in terms of cocaine is not less than 15 kilograms and not more than 50 kilograms." The agreement went on to recommend a two level enhancement under USSG § 2D1.1(b)(1) because Starks possessed a gun as part of his drug trafficking offense and a three level reduction under USSG § 3E1.1 for acceptance of responsibility, making a total recommended offense level of 33.

The presentence report agreed with the parties' recommended total offense level. The report noted that Starks' conduct relating to the 2006 indictment involved "approximately six kilograms of cocaine, 216.29 grams of cocaine base, [and] 324.46 grams (1,077 pills) of Ecstacy." The report did not indicate the precise amounts of narcotics attributable to Starks with respect to the 2007 indictment, but stated that he had been involved in the distribution of "multi-kilogram quantities of cocaine and marijuana." The district court adopted the presentence report's findings, determined that Starks' total offense level was 33, decided that his criminal history category was four, and then imposed a sentence at the very bottom of the guideline range of 188 to 235 months imprisonment.

In 2009 Starks moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based in part upon amendment 706 to the sentencing guidelines. This amendment provided a two level reduction in the base offense level for crack cocaine offenses. The amendment also reduced the marijuana equivalency rate for crack cocaine, which is used when multiple controlled substances are involved in an offense. USSG § 2D1.1 app. n.10 (2006). In such a case, courts are directed to "convert each of the drugs to its marihuana equivalent, add the quantities, and look up the total in the Drug Quantity Table to obtain the combined offense level." <u>Id.</u> The district court applied amendment 706 to reduce Starks' base offense level to 32. After then applying a two level firearm enhancement and a three level acceptance of responsibility reduction, the

court found his total offense level to be 31 and resentenced him to the bottom end of the 151 to 188 month guideline range.

In 2011 Starks filed another motion for a reduction pursuant to amendment 750. Amendment 750 to the sentencing guidelines provided for another two level reduction in the base offense level for crack cocaine offenses. The district court denied Starks' motion after concluding that he was not eligible for a reduction because his "base offense level under the guidelines was based on a quantity of cocaine rather than cocaine base." Although the district court recognized that the reduction under amendment 706 "was in error," his sentence remained at the reduced level of 151 months imprisonment. Starks did not appeal this order. The following year he moved for another sentence reduction under amendment 750. The district court denied the motion after again concluding that his "sentence was based on powder, not crack, cocaine." Starks again did not appeal.

In 2014 Starks filed a fourth motion for a sentence reduction, this time arguing that amendment 782 to the sentencing guidelines had reduced his base offense level. Amendment 782 reduced base offense levels by two for crimes involving crack cocaine, powder cocaine, and other controlled substances. The district court decided that amendment 782 did apply to Starks because his sentence was based on powder cocaine. Under amendment 782, the base offense level is 32 for offenses involving 15 to 50 kilograms of powder cocaine. With that base offense level, a two level enhancement for possession of a firearm, and a three level acceptance of responsibility reduction, Starks' total offense level was set at 31. This resulted in a guideline range of 151 to 188 months. Since Starks' sentence had already been set at the bottom of this guideline range due to an incorrect reduction under amendment 706, the district court decided that no reduction was warranted under amendment 782.

Twenty days after the fourteen day deadline set by Fed. R. App. P. 4(b)(1)(A)(i), Starks appealed the denial of his motion for a sentence reduction based

-4-

on amendment 782. His notice of appeal was filed within the extended filing deadline set by Fed. R. App. P. 4(b)(4), however, which allows a district court to extend the fourteen day notice of appeal deadline "[u]pon a finding of excusable neglect or good cause." We thus remanded the question of whether Starks' late notice of appeal was the result of excusable neglect or good cause. See United States v. Starks, – F.3d –, 2016 WL 4446112 (8th Cir. Aug. 24, 2016). On remand the district court found that the delay was the result of excusable neglect or good cause.

## II.

Starks argues that his base offense level should be 30 rather than 32 because the district court erroneously found that his original sentence was based on powder cocaine. Starks asserts that he was originally sentenced under the marijuana equivalency tables based on the quantities of narcotics his presentence report attributed to the 2006 indictment. The quantities listed in that report were six kilograms of powder cocaine, 216.29 grams of crack cocaine, and 324.46 grams of ecstasy. Under the marijuana equivalency tables for amendment 782, these drug quantities would be equivalent to 2,134 kilograms of marijuana and a base offense level of 30.

While ruling on Starks' motion for a sentence reduction under amendment 750, the district court determined that his reduction under amendment 706 had been made in error because "his base offense level under the guidelines was based on a quantity of cocaine rather than cocaine base." In a subsequent order the district court again noted that Starks' "sentence was based on powder" cocaine. Starks did not appeal these orders. Since the district court has previously found that Starks' sentence was premised on the quantity of powder cocaine attributable to him, not on the other narcotics listed in his presentence report, he is precluded from relitigating this question. See United States v. Adams, 104 F.3d 1028, 1030–31 (8th Cir. 1997). On our de novo review we have concluded that we are precluded from considering Starks'

argument.  See United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014) (standard of review).

Under the revised drug quantity table for amendment 782, Starks has a base offense level of 32 due to the 15 to 50 kilograms of powder cocaine that the presentence report attributed to him.  Taking into account the two level firearm enhancement and the three level acceptance of responsibility reduction, his total offense level is 31, resulting in a guideline range of 151 to 188 months.  Since Starks' current sentence of 151 months imprisonment is at the bottom of his applicable amended guideline range, he is not entitled to a sentence reduction under amendment 782.

III.

For these reasons we affirm the district court's order.

_____