# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3226

———————————————

United States of America

*Plaintiff - Appellee*

v.

Nicholas Scott Campbell

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: July 30, 2020
Filed: August 19, 2020
[Published]

——————————

Before BENTON, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Nicholas Scott Campbell pled guilty to producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] sentenced him to 336 months in prison, to be concurrent with impending state-court sentences. He appeals, claiming the sentence is substantively unreasonable.

_____

[1] The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

The government notes that this appeal is untimely and should be dismissed. A "defendant's notice of appeal must be filed in the district court within fourteen days after the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). However: "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time period to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). "Although these time constraints are not jurisdictional limitations, 'Rule 4(b)'s timeliness requirements [are] inflexible and assure relief to a party properly raising them.'" *United States v. Starks*, 840 F.3d 960, 960 (8th Cir. 2016), *quoting United States v. Watson*, 623 F.3d 542, 546 (8th Cir. 2010).

At the time of sentencing, Campbell had two state charges pending in Wright County District Court. Campbell asked that the sentence in this case be concurrent with any sentence imposed "by the Wright County District Court in criminal case 86-CR-186878 and 86-CR-186879." He added that the government and defendant jointly recommended that the sentence run concurrent to the two Wright County cases. This was part of the plea agreement, which also listed the two cases by their specific numbers. The district court, pronouncing sentence, did not refer to the Wright County cases by their specific numbers, saying that the sentence is concurrent with "any sentences that are imposed by the Wright County District Court."

On September 16, 2019, the court entered judgment, stating that the sentence is to be served concurrently with "any sentence imposed in Wright County District Court." The judgment, like the oral pronouncement, did not mention the two case numbers. However, if a judgment is imprecise, the entire record may be used to find the court's obvious intent. *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994), *quoting United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987) *and United States v. Raftis*, 427 F.2d. 1145, 1146 (8th Cir. 1970). The record is clear that the court was referring only to the two specific Wright County District Court

cases.   This is obvious because these two cases were the only Wright County cases pending, the only cases pending against Campbell, and the only felony charges in his record.

On September 26, 2019, the district court amended the original judgment to include the specific case numbers, adding "cases 86-CR-18-6878 and 86-CR-18-6879" after "District Court."  Apparently, the government, defendant, and pre-trial services officer agreed to add the case numbers to the original judgment.  The only difference between the two judgments is the addition of the case numbers.

On October 7, 2019, Campbell filed his notice of appeal—21 days after the September 16 original judgment, but 11 days after the September 26 amended judgment.  The issue is whether the amended judgment triggered a new appeal period, making the notice of appeal timely; or whether the original judgment controls, making the notice of appeal untimely.

"The test is a practical one.  The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *FTC v. Minneapolis – Honeywell Regulator Co.*, 344 U.S. 206, 212 (1952).  "[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought." *Id.* at 211.

In this case, the amended judgment did not disturb or revise legal rights and obligations, because it did not make a material change.  Adding the case numbers here is like correcting the use of the wrong year in January, a misspelling of the defendant's name, or other imprecise details. *See United States v. Lewis*, 921 F.2d 563, 555 (5th Cir. 1991) (an amendment correcting the wrong year did not re-start the time to appeal); *United States v. Johnson*, 146 Fed. Appx. 855, 856 (8th Cir. 2005) (per curiam) (an amendment adding a payment schedule for restitution that was previously ordered did not re-start the time for appeal); *White v. Westrick*, 921

F.2d 784, 784 (8th Cir. 1990) (an amendment correcting the spelling of defendant's name did not begin a new period for filing notice of appeal); *United States v. 1,431.80 Acres of Land*, 466 F.2d 820, 822 (8th Cir. 1972) (per curiam) (an amendment correcting the trial dates did not re-start the time to appeal).

The amended judgment here did not trigger a new time to appeal. Because the notice of appeal was filed more than 14 days after the original judgment, the appeal here was untimely.

Under Federal Rule of Appellate Procedure 4(b)(4), the district court may extend Campbell's time to file a notice of appeal, "upon a finding of excusable neglect or good cause." Because the district court has not made such a finding, this case is remanded for the limited purpose of determining "whether this is a case of excusable neglect [or good cause] and, if so, whether [Campbell's] time for filing a notice of appeal should be extended for a period not to exceed 30 days from the expiration of the 14 day period that Rule 4(b)(1)(A)(i) establishes." *Starks*, 840 F.3d at 961 (second brackets added). The district court is requested to rule on this issue by September 15, 2020. If the district court finds excusable neglect or good cause, and extends the time to file a notice of appeal, the court shall advise this court, "and this appeal may then proceed without further notice or briefing." *Id.*

_____