# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1212
_____

United States of America

*Plaintiff - Appellee*

v.

Alicia Imelda Mofle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: January 13, 2021
Filed: March 2, 2021

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Alicia Imelda Mofle appeals the district court's[1] denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

## I.

On November 8, 2012, Mofle pleaded guilty to two drug-related offenses. Mofle was sentenced in March 2013. The sentencing judge calculated an advisory sentencing guidelines range of 360 months to life imprisonment, departed downward to 288 months, and ultimately varied downward to 168 months.

On November 1, 2014, Amendment 782 to the guidelines, designated as retroactive by the U.S. Sentencing Commission, took effect. U.S.S.G. app. C amend. 782 (U.S. Sent'g Comm'n 2014). Amendment 782 reduced the guidelines offense level associated with many drug offenses by two levels. *Id.*

On March 3, 2015, the sentencing judge *sua sponte* issued an order denying Mofle a sentence reduction under Amendment 782. Mofle did not appeal this order. Eight months later, on November 2, 2015, she filed a *pro se* § 3582(c)(2) motion for a sentence reduction under Amendment 782. The sentencing judge denied the motion on January 6, 2016, stating that "[t]he court already addressed this matter on March 3, 2015" and that "the defendant should have sought timely appellate relief" if she disagreed with that decision. Mofle appealed, and this court summarily affirmed.

More than three years later, on July 16, 2019, Mofle filed another § 3582(c)(2) motion for a sentence reduction under Amendment 782, this time through counsel. In this motion, Mofle pointed out for the first time an alleged error in the sentencing judge's *sua sponte* order. In opposition, the Government argued that Mofle's 2019 motion was jurisdictionally barred and/or untimely and that, even if it were not, the district court should deny it on the merits.

Because the sentencing judge had retired, Mofle's case was reassigned to Chief Judge Leonard T. Strand. Chief Judge Strand denied Mofle's 2019 motion, treating it as a motion for reconsideration and concluding that it was untimely under Federal Rule of Appellate Procedure 4(b). Mofle appeals.

## II.

We begin by addressing whether the district court had subject-matter jurisdiction, *see Lee v. United States*, 501 F.2d 494, 498 (8th Cir. 1974) ("Jurisdiction is always the first issue to decide . . . ."), a question we review *de novo*, *United States v. Jacobs*, 638 F.3d 567, 568 (8th Cir. 2011). Before the district court, the Government questioned whether federal courts have subject-matter jurisdiction over second or successive § 3582(c)(2) motions based on the same guidelines amendment. Mofle argues persuasively that they do. In *Sebelius v. Auburn Regional Medical Center*, the Supreme Court held that unless "Congress has clearly stated" that a restriction is jurisdictional, "courts should treat the restriction as nonjurisdictional." 568 U.S. 145, 153 (2013) (internal quotation marks and brackets omitted). As Mofle points out, Congress did not clearly limit defendants to one motion per guidelines amendment under § 3582(c)(2), let alone clearly state that any such restriction is jurisdictional. Accordingly, we join every other circuit that has considered the question in holding that there is no jurisdictional bar to second or successive § 3582(c)(2) motions. *See United States v. Calton*, 900 F.3d 706, 710-11 (5th Cir. 2018); *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018); *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017); *United States v. Anderson*, 772 F.3d 662, 667 (11th Cir. 2014); *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014); *United States v. Trujillo*, 713 F.3d 1003, 1005 (9th Cir. 2013); *United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012).

Having concluded that Mofle's 2019 motion was not jurisdictionally barred, we next consider whether it was untimely. The district court concluded that Mofle's 2019 motion was untimely under Federal Rule of Appellate Procedure 4(b). We review this conclusion *de novo*. *See United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009) ("We review *de novo* the interpretation of rules of federal procedure.").

-3-

On its face, Rule 4(b) governs the timeliness of appeals. Subject to exceptions inapplicable here, a criminal defendant has fourteen days from the entry of an order or judgment to file an appeal from that order or judgment. Fed. R. App. P. 4(b)(1)(A)(i). Although nonjurisdictional, this deadline is firm: "Rule 4(b)'s timeliness requirements are inflexible and assure relief to a party properly raising them." *United States v. Campbell*, 971 F.3d 772, 773 (8th Cir. 2020) (brackets omitted).

Even though Rule 4(b) does not address motions for reconsideration explicitly, courts have treated the deadline to file an appeal as the deadline to file a motion for reconsideration, *see, e.g.*, *United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011), and the Eighth Circuit is no exception, *see, e.g.*, *United States v. Woodruff*, 596 F.2d 798, 799 (8th Cir. 1979) (per curiam). This makes sense. As the Tenth Circuit has explained, permitting motions for reconsideration that would be untimely if they were notices of appeal would allow litigants to circumvent the deadline to file an appeal: having missed the deadline following the order or judgment that they wish to appeal, they could simply file a motion for reconsideration and appeal the district court's denial of that motion. *Randall*, 666 F.3d at 1242-43.

The fact that Rule 4(b) governs motions for reconsideration means that once a court has issued an order granting or denying a § 3582(c)(2) sentence reduction, subsequent § 3582(c)(2) motions are subject to Rule 4(b)'s timeliness requirements if they present the same legal question that the court addressed in its previous order. Such motions are motions for reconsideration in substance, regardless of how they are labelled. *See United States v. Goodwyn*, 596 F.3d 233, 234-35 (4th Cir. 2010) (treating a second § 3582(c)(2) motion presenting the same legal question as the first as a motion for reconsideration). And "the substance of a motion rather than the form of a motion is controlling" for the purpose of determining the applicable filing deadlines. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992). Therefore, once a court has issued an order granting or denying a § 3582(c)(2) sentence reduction, any future § 3582(c)(2) motions based on the same grounds are

-4-

subject to Rule 4(b)'s timeliness requirements. *See Randall*, 666 F.3d at 1242-43 ("[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order.").

Here, the sentencing judge *sua sponte* denied Mofle a § 3582(c)(2) sentence reduction under Amendment 782 on March 3, 2015. The sentencing judge denied Mofle's 2015 motion for a § 3582(c)(2) sentence reduction under Amendment 782 on January 6, 2016. Even setting aside the *sua sponte* order and treating the denial of Mofle's 2015 motion as the first order on the matter, Mofle would have had fourteen days from January 6, 2016 to file a motion for reconsideration. Instead, she filed her 2019 motion—a motion for reconsideration in substance because it presented the same legal question addressed in the sentencing judge's previous two orders—on July 16, 2019, more than four years after the *sua sponte* order and more than three years after the denial of her 2015 motion. Therefore, the district court correctly concluded that Mofle's 2019 motion was untimely under Rule 4(b).

In reply, Mofle argues that the Government forfeited its right to invoke Rule 4(b) as a time bar to her 2019 motion. It is true that a litigant can forfeit a Rule 4(b) argument by failing to raise it in a timely manner. *See United States v. Watson*, 623 F.3d 542, 544-45 (8th Cir. 2010) (recognizing that a Rule 4(b) argument can be "forfeited if the party asserting the rule waits too long to raise the point"). Here, though, the Government promptly raised the untimeliness of Mofle's 2019 motion before the district court, asserting in its opposition that "a motion for reconsideration of the action on a 3582(c)(2) motion may be filed only within the time allowed for an appeal" and citing *Randall*, 666 F.3d at 1242-43 & n.6. Therefore, the Government did not forfeit its right to invoke Rule 4(b) as a time bar to Mofle's 2019 motion.

Finally, Mofle argues that the district court violated Federal Rule of Criminal Procedure 57(b) by enforcing Federal Rule of Appellate Procedure 4(b) against her 2019 motion. Mofle is mistaken. Federal Rule of Criminal Procedure 57(b) provides that "[n]o sanction or other disadvantage may be imposed for

noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator was furnished with actual notice of the requirement before the noncompliance." Federal Rule of Appellate Procedure 4(b) is a federal rule. Therefore, the district court did not violate Federal Rule of Criminal Procedure 57(b) by enforcing Federal Rule of Appellate Procedure 4(b) against Mofle's 2019 motion.

## III.

For the foregoing reasons, we affirm.

_____