# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1767
_____

United States of America

*Plaintiff - Appellee*

v.

Patricia Ashton Derges

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 27, 2025
Filed: July 14, 2025
[Unpublished]

_____

Before SMITH, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Patricia Ashton Derges appeals the district court's denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government filed a motion to dismiss Derges's appeal, arguing that it is untimely under Federal Rule of Appellate Procedure 4(b).

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). The district court entered its order denying Derges's motion on March 10, 2025. Thus, Derges was required to file her notice of appeal in the district court by March 24, 2025. Derges, however, filed her notice of appeal on April 8, 2025—29 days after the district court entered its order and within 15 days after the deadline in Rule 4(b)(1)(A)(i). Her appeal is therefore untimely.

Despite the untimeliness, the district court may extend Derges's time to appeal under Rule 4(b)(4). *See United States v. Starks*, 840 F.3d 960, 960 (8th Cir. 2016) (mem.). "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Derges claims that she never received notice of the denial of her motion and only learned of it when her daughter emailed her. Because the district court has not yet determined whether Derges can show excusable neglect or good cause, we remand "for the limited purpose of determining whether this is a case of excusable neglect or good cause" and, if so, whether the district court should extend the time to file a notice of appeal. *United States v. Campbell*, 971 F.3d 772, 774 (8th Cir. 2020) (per curiam); *see also Starks*, 840 F.3d at 961.

Because the district court may only extend the time to appeal "for a period not to exceed 30 days from the expiration" of the 14-day deadline in Rule 4(b), Fed. R. App. P. 4(b)(4), we request that the district court rule on this issue not later than 15 days after the entry of this order. Derges filed her notice of appeal 15 days after the deadline prescribed by Rule 4(b)(1)(A)(i). The district court, therefore, has another 15 days to extend the deadline under Rule 4(b)(4). "If the district court finds excusable neglect or good cause[] and extends the time to file a notice of appeal, the [district] court shall advise this court, and the appeal may then proceed without further notice or delay." *Campbell*, 971 F.3d at 774.

Accordingly, we deny the government's motion to dismiss as untimely and we remand with instructions to decide whether there was excusable neglect or good cause and, if so, whether to extend Derges's time to file a notice of appeal under Rule 4(b)(4). We request that the district court decide the issue within 15 days of the entry of this order and notify this court if it extends the deadline.

_____